Mark L. Javitch (CA SBN 323729)*
JAVITCH LAW OFFICE
480 S. Ellsworth Ave.
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff* and the Class
*Pending Pro Hac Vice Admission

UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| NATHEN DAY, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>GUTTERBRUSH LLC, a Rhode Island limited liability company<br><br>Defendants. | Case No.: 8:19-cv-00385<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### CLASS ACTION COMPLAINT

1. Plaintiff NATHAN DAY ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant GUTTERBRUSH LLC ("Defendant") to stop it from calling consumers *en masse* using an artificial or prerecorded voice, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

## NATURE OF THE ACTION

2. In the course of selling its product, Gutterbrush, Defendant placed thousands of calls using an artificial or prerecorded voice.

3. Defendant did not obtain consent prior to placing these calls and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendant's use of technological equipment to spam consumers with its advertising on a grand scale.

6. By placing the calls at issue, Defendant has violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff NATHAN DAY is a natural person and is a citizen of the District of Nebraska.

9. Defendant GUTTERBRUSH LLC, is a limited liability company organized and existing under the laws of the State of Rhode Island with its principal place of business at 855 Aquidneck Avenue, Unit #6, Middletown, Newport County, Rhode Island 02842.

10. Defendant GUTTERBRUSH LLC has a registered agent on file with the Rhode Island Secretary of State listed as JOSEPH H. OLAYNACK III, ESQ., 43 MEMORIAL BOULEVARD, 2ND FLOOR, Newport, RI, 02840.

**JURISDICTION AND VENUE**

11. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12. This Court has personal jurisdiction over Defendant because it placed phone calls into this District and in the State of Nebraska and because the events giving rise to this lawsuit occurred in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant because the wrongful conduct giving rise to this case substantially occurred in this District.

**COMMON FACTUAL ALLEGATIONS**

14. Defendant Gutterbrush LLC sells a product called "Gutter Brush" that cleans household gutter systems.

15. As a cheap way to advertise, Defendant repeatedly called thousands of cellular and residential phones at a time using an artificial or prerecorded voice in violation of the TCPA.

16. When the Class members answered their phones or listened to their messages, they heard an artificial or prerecorded voice advertising Defendant's products.

17. Defendant failed to obtain consent from Plaintiff and the Class before bombarding their phones with their illegal advertising.

**FACTS SPECIFIC TO PLAINTIFF NATHEN DAY**

18. On or about May 9, 2019 at 1:36 p.m., Plaintiff received a call on his cellular phone number ending in 0181 from an unknown telephone phone number (401) 314-9431.

19. When Plaintiff listened to the voice message, he heard a prerecorded message from Defendant advertising Gutterbrush.

20. The prerecorded voice message first said "Hi, my name is Alex from Gutterbrush."

21. The prerecorded voice message then said it was "offering information about a new profitable product and solution for your customers, you probably haven't seen it before, it's called Gutterbrush and it's the simplest imaginable way of keeping commercial and residential gutters from clogging.  It's really different and it requires no tools, no fasteners to install, easy to maintain and renew and keeps you want more information let me know where to send it, you can call me or text back to this number 401-314-9431, you email me at alex@gutterbrush.com or you can see it at gutterbrush.com… so thanks hope to hear from you and have a great day."

22. Plaintiff never requested that Defendant contact him in any manner, let alone pursuant to a prerecorded message.

23. Further, Plaintiff never consented to be contacted by Defendant using an artificial or prerecorded voice message.

24. Defendant violated Plaintiff's statutory rights and his right to privacy.

**CLASS ALLEGATIONS**

25. **Class Definition**: Plaintiff DAY brings this action pursuant to Federal Rule of Civil Procedure 23(b)(1), 23(b)(2), and/or 23(b)(3) on behalf of himself and a class defined as follows:

> **TCPA Class**.  All persons in the United States who: (1) from the last 4 years to present (2) who received at least one telephone call; (3) on his or her cellular or

residential telephone; (4) that played an artificial or prerecorded voice message; (5) for the purpose of selling Defendant's services; (6) where Defendant did not first obtain the person's express written consent.

26. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

27. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

28. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

29. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

30.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

31.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   i.     Whether Defendant's conduct violated the TCPA;

   ii.    Whether Defendant's conduct violated the TCPA *willingly* and/or *knowingly*;

   iii.   Whether Defendant used an automatic telephone dialing system to place calls to thousands of cell phones;

   iv.    Whether Defendant used a prerecorded or artificial voice to contact any members of the Class;

   v.     Whether Defendant's obtained prior written consent prior to contacting any members of the Class;

   vi.    Whether members of the Class are entitled to treble damages based on the knowingness or willfulness of Defendant's conduct.

32.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members

of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Class)**

33. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34. Defendant placed calls to Plaintiff's and the Class members' cellular and residential telephones without having their prior express consent to do so.

35. The calls were made for the purpose of advertising Defendant's products.

36. The calls used a prerecorded or artificial voice as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

37. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop their illegal calling campaign.

38. Defendant made the violating calls "*willfully*" and/or "*knowingly*" under 47 U.S.C. § 227(b)(3)(C).

39. If the court finds that Defendant *willfully* and/or *knowingly* violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff NATHAN DAY, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff NATHAN DAY as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA *willfully* and *knowingly*;

D. An injunction requiring Defendant to cease all unlawful calls without first obtaining the call recipients' prior express written consent to receive such calls, and otherwise protecting interests of the Class;

E. An award of actual damages and/or statutory fines, costs and penalties;

F. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: September 3, 2019

Respectfully submitted,

NATHAN DAY, individually and on behalf of all others similarly situated,

By: /s/ Mark L. Javitch                .
Plaintiff's Attorney

Mark L. Javitch (California SBN 323729)
480 S. Ellsworth Ave.
San Mateo CA 94401
Tel: 650-781-8000
Fax: 650-648-0705

*Attorney for Plaintiff* and the Putative Class